MEMORANDUM **
The Bocks appeal from the district court’s grant of judgment on the pleadings in favor of Travelers. They argue that Travelers had a duty to defend them under their homeowners’ policy against a cross-complaint filed by their neighbors, the Brakesmans. Separately, the Bocks argue that Travelers was under a duty to investigate the facts underlying the cross-complaint. Each contention will be discussed in turn.
I
Under California law, an insurer “must defend a suit which potentially seeks damages within the coverage of the policy.” Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). However, “[a]n insured is not entitled to a defense just because one can imagine some additional facts which would create the potential for coverage.” Friedman Prof'l Mgmt. Co. v. Norcal Mut. Ins. Co., 120 Cal.App.4th 17, 15 Cal.Rptr.3d 359, 372 (Ct.App.2004). “[Tjhe insured may not speculate about unpled third party claims to manufacture coverage.” Hurley Constr. Co. v. State Farm Fire & Cas. Co., 10 Cal.App.4th 533, 12 Cal.Rptr.2d 629, 631 (Ct.App.1992).
We have examined the cross-complaint filed by the Brakesmans and conclude that it only states a cause of action for encroachment, an intentional tort not covered by the Bocks’ insurance policy. Only through speculation — unpermitted by California law — could we conclude that the Brakesmans’ cross-complaint also alleged unintentional conduct, which would trigger the duty to defend. Accordingly, we conclude that Travelers was under no duty to *625 defend the Bocks against the Brakesmans’ cross-complaint.
II
Separately, the Bocks argue that Travelers was under a duty to investigate the facts underlying the Brakesmans’ cross-complaint. Under California law, an insurer satisfies its duty to investigate “by comparing the allegations of the complaint with the terms of the policy,” Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993), and by considering “the extrinsic facts ... known by the insurer at the inception of the third party lawsuit,” Gunderson v. Fire Ins. Exch., 37 Cal.App.4th 1106, 44 Cal.Rptr.2d 272, 277 (Ct.App. 1995).
In this case, it is uncontested that Travelers was not aware of any extrinsic facts at the time the cross-complaint was tendered that would have triggered a duty further to investigate. Indeed, Travelers specifically told the Bocks that if they were “aware of any other facts or theories which ... are relevant to the duty to defend .... we welcome your thoughts and will give serious consideration to any information that you may provide.” It is uncontested that the Bocks tendered no further information to Travelers. Accordingly, Travelers was under no duty to investigate the facts underlying the Brakes-mans’ cross-complaint.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.